COLLOTON, Circuit Judge,
dissenting.
This appeal challenges the Tax Court’s review, pursuant to 26 U.S.C. § 6330(d), of a determination of an appeals officer of the Internal Revenue Service in a collection due process hearing. The hearing concerned the filing of a lien and a levy made on the property of Thomas M. Gillum. See 26 U.S.C. §§ 6320(b), 6330(b). Gillum complains that the Tax Court conducted judicial review on an incomplete administrative record. In my view, this claim has merit, and the error is not harmless. I would therefore remand the case to the Tax Court for supplementation of the administrative record and a decision by that court on a complete record.
It is a basic principle of administrative law that judicial review of action by an administrative agency should be conducted on the complete administrative record. This principle is embodied in the Administrative Procedure Act, which provides that a reviewing court shall review the “whole record.” 5 U.S.C. § 706; see Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 420, 91 S.Ct. 814, 28 L.Ed.2d 136 *648 (1971) (“[R]eview is to be based on the full administrative record that was before the Secretary at the time he made his decision.”) (emphasis added) (footnote omitted). The rule prevents a party from withholding evidence unfavorable to its case or defending a determination with post-hoc rationalizations. Walter 0. Boswell Mem’l Hosp. v. Heckler, 749 F.2d 788, 792 (D.C.Cir.1984). This court concluded in Robinette v. Commissioner, 439 F.3d 455 (8th Cir.2006), that the Tax Court’s review under § 6330(d) is governed by the APA, id. at 459-60 & n. 4, and the Commissioner makes no argument here that the requirement of review on the whole record is inapplicable.
By regulation, the Department of the Treasury provides that the administrative record for purposes of review by the Tax Court includes all “documents or materials relied upon by the Appeals officer or employee in making the determination under section 6330(c)(3).” 26 C.F.R. § 301.6330-1(f)(2) (Q-F4, A-F4). The appeals officer in this case, David Schroeder, testified before the Tax Court that some information that he relied upon in making his determinations was not part of the administrative record. App. E-31. While there is no dispute that three particular exhibits on which Schroeder relied—Exhibits AX, AY, and AZ (including what Schroeder called the “memorandum to and from counsel”)— were part of the record, App. E-32, the Tax Court’s appellate review must be conducted on the whole record. Schroeder testified that only “[pjarts” of the revenue officer’s file on which he relied were in the administrative record. App. E-31.
When Gillum argued to the Tax Court that the administrative record was incomplete, App. E-7; Brief of Petitioner at 7-9, Gillum v. Commissioner, 100 T.C.M. (CCH) 562 (2010) (No. 16110-07L), 2009 WL 7698301, the Tax Court’s only response was that the parties had stipulated that the record was complete. Gillum, 100 T.C.M. (CCH) 562, 2010 WL 5393884, at *8 n. 13. The Commissioner, however, should not be heard to rely on such a stipulation when the appeals officer subsequently admits before the Tax Court that he relied on information that was not among the stipulated exhibits. “For review to go forward on a partial record, we would have to be convinced that the selection of particular portions of the record was the result of mutual agreement between the parties after both sides had fully reviewed the complete record.” Boswell Mem’l Hosp., 749 F.2d at 793 (emphasis added). Given that Gillum never received the complete administrative record, the court appropriately declines to affirm on the Tax Court’s rationale. *649 grounds to affirm. With only a partial administrative record, we cannot know whether the Tax Court would have sustained the determination of the appeals officer on a complete record, or whether such a decision by the Tax Court should be affirmed on appeal with a full record. Without the whole record, Gillum also cannot explore whether the undisclosed portions of the record show impermissible “prior involvement” by the appeals officer, see 26 U.S.C. § 6330(b)(3), or other grounds for challenging the fairness of the due process hearing.
For these reasons, I would vacate the decision of the Tax Court and remand the case to the Tax Court for consideration of Gillum’s appeal on the full administrative record.